UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

HERBERT and JENNIFER ZUKERKORN,        No. 10-13626

Debtor(s).
_____/

Memorandum on Cross-Motions for Partial Summary Judgment
_____

    In this Chapter 7 case, the Trustee has moved for turnover of debtor Herbert Zukerkorn's interest in a Hawaii trust which contains a spendthrift provision. There is a significant difference between Hawaii and California law regarding spendthrift trusts, with the latter allowing creditors to reach 25% of a debtor's income from such a trust.[1] The parties have filed countermotions for partial summary judgment to resolve which state's law define's the Trustee's rights.[2]

    In this circuit, federal common law choice of law rules apply in bankruptcy cases. *In re Vortex Fishing Sys., Inc.,* 277 F.3d 1057, 1069 (9th Cir. 2002); *In re Miller,* 292 B.R. 409, 413 (9th Cir. BAP

---

[1] Pursuant to § 541(c)(2) of the Bankruptcy Code, a spendthrift provision in a trust that is enforceable under applicable nonbankruptcy law is enforceable in bankruptcy. The issue here is which nonbankruptcy law applies.

[2] Ordinarily, recovery of money or property must be by adversary proceeding. However, there is an exception where a trustee seeks turnover of a debtor. FRBP 7001(1). Even though this proceeding is by motion, the federal rules governing summary judgment are applicable pursuant to FRBP 9014(c).

1

2003). Under federal common law, the rights of the parties are determined by the local law of the state with the most significant relationship to the transaction. *Miller*, at 414. In this case, that state is clearly Hawaii.

The trust was established by the will of Herbert Zukerkorn's mother, who was a citizen of Hawaii. The trust recites that it is governed by Hawaii law. All of the beneficiaries of the trust were born in Hawaii, and Herbert Zukerkorn was a citizen of Hawaii for more than seventy years. The principal trustee is the Bank of Hawaii. The trust was settled with Hawaii property. The only interest California has in the trust is that the Zukerkorns now reside in California and a few of the creditors are Californian. Under the facts of this case, the interests of Hawaii in the trust are far more significant that those of California.[3]

For the foregoing reasons, it shall be deemed without controversy that for purposes of the Trustee's turnover motion the applicable nonbankruptcy law is that of Hawaii. Counsel for the Zukerkorns shall submit an appropriate form of order.

Dated: July 30, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[3] Even if the court were to apply California law to the issue, the result would be the same. Under California law, the law of the state whose interests would be most impaired if the other state's law were applied is the applicable law. *Reich v. Purcell* 67 Cal.2d 551, 553 (1967); *Washington Mutual Bank v. Superior Court*, 24 Cal. 4th 906, 920 (2001). That state is clearly Hawaii.

2